## Lester's Estate

Before Van Dusen, P. J., Stearne, Sinkler, Klein, Bolger, and Ladner, JJ.

*J. Russell Gibbons*, for petitioners.

*J. Horace Churchman, Mark Willcox, Jr., Shippen Lewis*, and *D. P. Hibberd*, for respondents.

VAN DUSEN, P. J., November 22, 1940.—Testator gave the residue of his estate in trust to pay the net income to his brother Barton for life, "and after his death to pay over the net income of $10,000 thereof to the wife of my brother, Blanche F. Lester, during her life, and after the death of these two, respectively, to pay over the corpus of the trust fund to the University of Pennsylvania, as an endowment. . . ."

Barton died after the trust was established. An account was filed after his death, at the audit of which the entire fund was awarded to the University of Pennsylvania by agreement with Blanche Lester, by which she took a certain annuity from the university in lieu of her interest under the trust fund.

Testator's next of kin included the descendants of his deceased brother Evan. These persons had no notice of the audit because they had made no claim and because the trust company, trustee, did not know of their existence,

and Blanche Lester did not realize that they had any possible interest, although she knew of their existence. Now they come in with a petition for review, claiming that no corpus goes to the university until the death of both Barton and Blanche, and that there is an intestacy as to the income on all principal in excess of $10,000 during Blanche's life. This claim was made within a few days after the adjudication became absolute, and after most, but not all, of the distribution had been made. Relief is sought against the distributees as well as the accountant. It will not be necessary to go into the respective liabilities of these persons, as we think that the next of kin have no interest under the will.

That the sister-in-law is only entitled to the income upon $10,000 seems plain. The trustee was directed to invest the corpus and to pay the income thereof to the brother for life, and "after [the brother's] death to pay over the net income of $10,000 thereof" to the sister-in-law for life. Manifestly testator by the use of the word "thereof" in these two instances was referring to the corpus from which the income was to be paid.

As the sister-in-law is to get the income on $10,000 only, we cannot doubt that testator desired that after the death of Barton all the principal should go to the university except $10,000, and that after her death the $10,000, which was retained for the purpose of producing income for her, should go to the university. Any other interpretation is strained, particularly when we consider the presumption against intestacy as to any part of the estate.

This construction is confirmed by the words which follow the bequests, namely, "after the deaths of these two respectively" the corpus passes to the University of Pennsylvania, the remainderman. "Respectively" is defined in Webster's Dictionary as "each to each; each in the order given; several . . ." As used by testator it clearly connotes a division or separation. It implies that testator intended that the corpus of the residue held in trust was to be distributed upon two different occasions, viz: (1) The

death of the brother, and (2) the death of the brother's wife..

It is a cardinal principle in construing wills that the courts must endeavor to achieve an interpretation of testator's language which will render every word operative, rather than one which renders some words idle or nugatory: Duffy's Estate, 313 Pa. 101 (1933) ; Byrne's Estate, 320 Pa. 513 (1935) ; Brennan's Estate, 324 Pa. 410 (1936) ; Boswell's Estate, 38 D. & C. 337 (1940).

In the present case, if we accept the suggestion of counsel for petitioners, we must completely disregard the word "respectively" as used by testator. Our construction gives effect not only to that word, but to all his language.

The petition for review is dismissed.